UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CURTIS D. SHANK, | |
| Petitioner, | |
| v. | CAUSE NO. 1:22-CV-32-HAB-SLC |
| SHERIFF, | |
| Respondent. | |

## OPINION AND ORDER

Curtis D. Shank, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his pretrial detention at the Elkhart County Corrections Center and to dismiss the criminal proceedings against him in the Elkhart Circuit Court and in the DeKalb Superior Court. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended petition, Shank asserts that the DeKalb Superior Court has violated his right to a speedy trial. According to the amended petition and the attached exhibits, Shank faces criminal charges in both the Elkhart Circuit Court and the DeKalb Superior Court. Trial counsel declined to move for a speedy trial in the DeKalb Superior Court, opting to prioritize the more serious charge of attempted murder in the Elkhart Circuit Court. He also sent a letter asking for a speedy trial to the DeKalb Superior Court, which declined to grant it. He has presented his speedy trial claim to the Indiana Court of Appeals, where it remains pending.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). In Indiana, speedy trial claims can be raised in an interlocutory appeal. *See Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011); *Dillard v. State*, 102 N.E.3d 310 (Ind. Ct. App. 2018).

To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). Shank concedes that his claims are pending before the Indiana Court of Appeals and that he has not presented his claim to the Indiana Supreme Court. Consequently, the court finds that he has not exhausted his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that

2

the one-year limitations period for federal habeas review will not begin to run until the date on which his conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). Because dismissing this case will not effectively end Shank's chance at habeas corpus review, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Shank has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the amended petition (ECF 5) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Curtis D. Shank a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on February 15, 2022.

                                  *s/ Holly A. Brady*
                                  JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT